10-1273-cr
United States v. Vijay Anand Khemraj, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand eleven.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             DENNY CHIN,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                          *Appellee*,

          -v.-                                          10-1273-cr

VIJAY ANAND KHEMRAJ, ROBERT RODRIGUEZ, ERIC WHITESIDE,
SIMON CLARK, HARLEM GUZMAN, VENECIA DESILVA, DAVID CHO,
MARK MATTHEWS, FRANTZ METELLUS, ROBERT B. DAVIS,

                          *Defendants*,

DAVID BURKS,

                          *Defendant-Appellant*.

_____

For Appellee:      Patrick Sean Sinclair and Susan Corkery (*on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY.

For Appellant:     Arza Feldman, Feldman & Feldman, Uniondale, NY.

Appeal from the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**ON CONSIDERATION WHEREOF**, **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said district court be and hereby is **AFFIRMED**.

David Burks appeals from a March 31, 2010 judgment convicting him of conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. § 1349. Burks principally argues that the district court erred in replacing a seated juror with an alternate juror without adequate inquiry into the seated juror's explanation that he could not continue to serve at trial. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

On the eighth day of a nine day trial, the district court stated that a seated juror claimed that he was ill and that he needed to see a doctor. The district court asked the seated juror, "There's no way of postponing?" The seated juror stated, "I actually missed three appointments last week – that's one of the reasons – and also I have a severe health issue." Over defense counsel's objection and without further questions, the district court dismissed the seated juror and impaneled the first alternate juror in his place. Burks challenges this decision.

A district court may "impanel up to 6 alternate jurors to replace any jurors who are unable to perform or who are disqualified from performing their duties." Fed. R. Crim. P. 24(c). District courts have "broad discretion under Rule 24(c) to replace a juror at any time before the jury retires if there is reasonable cause to do so, and a reviewing court will only find abuse of that discretion where there is bias or prejudice to the defendant." *United States v. Thompson*, 528 F.3d 110, 121 (2d Cir. 2008) (brackets omitted) (quoting *United States v. Purdy*, 144 F.3d 241, 247 (2d Cir. 1998)). "'Prejudice' in this context exists when the discharge is without 'factual support, or for a legally irrelevant reason.'" *Purdy*, 144 F.3d at 247 (quoting *United States v. Fajardo*, 787 F.2d 1523, 1525 (11th Cir. 1986)).

Here, Burks offers no evidence that the district court discharged a seated juror "without factual support, or for a legally irrelevant reason." *Id.* (internal quotation marks omitted). Indeed, the seated juror indicated to the district court that he had a severe health issue and had missed three doctor's appointments during the course of trial. Viewing the "antiseptic record" on appeal, which "is ordinarily an inferior substitute for the first-hand observations of the trial court," *Fajardo*, 787 F.3d at 1525-26, we find that the district court had a sufficient factual basis to discharge the seated juror. Accordingly, Burks's claim presents no basis for reversal in this case.

We have considered all of Burks's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2